*Denny* for plaintiff.

---

## *Thomas &c. vs. Kelsoe.*

Error to the Montgomery Circuit; S. W. ROBBINS, Judge.

*Assignments. Legacies charged on land. Choses in action of femes covert. Parties in chancery. Assignment of error. Writs of error.*

CHANCERY.

Case 106.

Judge MILLS delivered the Opinion of the Court.

BENJAMIN THOMAS departed this life, leaving his widow and eight children, to whom he devised a considerable estate, real and personal, and directed what lands each should have, or how each one's share was to be laid off. Each child was to receive his or her share at the age of twenty-one years, except his son Marcus, who was to have his

July 2.

Will of Benjamin Thomas.

THOMAS &c.
vs.
KELSOE.

share immediately after the death of the testator. With regard to him, the will contains the following clause.

Clause in relation to Marcus Thomas.

"Whereas, my son Marcus, will receive by the appropriations in this will more than an equal division of the estate, it is my will that he shall pay over to the other legatees, as they shall arrive at age, two hundred dollars each, and that he give security to be accepted by the executors for the payment of the same, before he receive title to the land devised to him in this will."

Directions in the will for the division and conveyance of the land.

To give each a title to their land, it is directed that a commissioner shall be appointed by the county court, to survey and lay off the devise in land to each one according to the will, and to convey to each devisee according to law, and that is to vest the title in each child.

Land devised to Marcus.

The land devised to Marcus, is not described by metes and bounds, but the northwardly half of another tract to be laid off in the most convenient manner, including the buildings and spring.

Writing, given by Hughart, husband of one of the devisees, to Kelsoe.

Jane S. Thomas, one of said devisees, married Edward Hughart, and arrived at the age of twenty one years. Hughart executed an instrument of writing to John S. Kelsoe, the defendant in error, reciting that he was indebted to Kelsoe, in the sum of two hundred dollars, and that to secure and pay the same, he conveyed and sold and warranted to Kelsoe, the legacy of two hundred dollars secured by the will of her father, to be paid by Marcus Thomas, her brother, and authorized him to receive the same.

Kelsoe's bill against Hughart and wife and Thomas.

Kelsoe filed this bill against Hughart and wife, and Marcus Thomas, for payment of the legacy. He alleges, "that the said will of Benjamin Thomas bequeathed the said Marcus Thomas, large real and personal property, *which he holds* by devise from said ancestor, largely superior in amount, to said sum of $200 which was to be paid to each of the heirs." Another part of the bill charges that the said Marcus fails to pay said sum, or any part thereof, or to renounce the provisions of said will.

The defendants fail to answer, and the bill was taken as confessed, and a decree rendered against Marcus Thomas for the two hundred dollars with interest, payable to Hughart and wife from the time that Mrs. Hughart arrived at age. To reverse this decree, the defendants below have prosecuted their writ of error.

Thomas &c.
vs.
Kelsoe.

Bill taken for confessed, and decree for Kelsoe.

It is contended that the bill is defective in its allegations, in not shewing that the legacy had become due, from Marcus, by his agreeing to pay it and give security accepted by the executors. It is evident the testator intended to charge the legacy on the land, and Marcus was precluded from obtaining the land till security was given. After that the land would be released, and he and his securities become personally liable.

*Legacy was charged on the land, but giving security for its payment, according to the will, would release the land.*

The allegations of the bill are general, but still as it is asserted that he *holds* a large real estate by the devise, it must follow that he had done, that which is necessary to enable him to hold it under the will, that is that he had come under the proper undertaking to pay, and is liable thereto.

*Construction of the averments of the bill.*

This was a chose in action and the husband could not assign it at law; but he could transfer it in equity, and having done so, it would enable the purchaser, by making all the proper parties, to come at the legacy in the same manner, and to the same extent, as the husband.

*Assignee of the husband, of a legacy bequeathed to his wife before coverture, may recover in equity.*

But it may be insisted, that as the husband ought not to obtain a decree till the interest of the wife was looked into by the chancellor, and a suitable provision made for her, before he reduced her estate to possession, so the assignee from him ought to be subject to the same rule.

*In such cases the wife must be a party, that she may be provided for in the decree.*

This would be a valid argument against the decree, if it was assigned for error. But it is not.

*Assignment of errors.*

It is insisted that the court erred in decreeing the interest of the legacy to Hughart and wife. If this writ of error had been issued by Thomas against Hughart and wife, to get clear of this decree, the objection would be entitled to consideration. But *this*

*Writ of error by two, to a decree ag'st one of them in favor of defendant.*

THOMAS &c.
vs.
KELSOE.

does not
reach a de-
cree for one
of plaintiff a-
gainst the
other.

is a joint writ of error by Thomas and Hughart and wife against Kelsoe, whose decree is several, and who only has a decree for the legacy, and none of the interest. In short we perceive no error in the decree of the court below.

Decree is affirmed with costs &c.

*Ja. Trimble* for plaintiffs; *Triplett* for defendant.